IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 6:20-cr-00058-MC |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| MATTHEW MULDER, | |
| Defendant. | |
_____

MCSHANE, Judge:

Defendant Matthew Mulder moves to modify his sentence under 18 U.S.C. § 3582(c)(1)(A)(i) to time served with a period of supervision, submitting that he should be entitled to compassionate release. Def.'s Mot., ECF No. 80. On May 22, 2025, the Government responded. Gov't's Resp., ECF No. 82. Mr. Mulder filed a Reply on May 29, 2025. Def.'s Reply, ECF No. 83. The Court held a Status Conference regarding the Motion on October 7, 2025, at which Mr. Mulder appeared. ECF No. 87. Because the Court finds that the sentencing factors set forth in 18 U.S.C. § 3553(a) would be served by granting Mr. Mulder compassionate release, Mr. Mulder's Motion is GRANTED. The final judgement will be amended to reflect a sentence of probation with restitution payments to begin immediately.

## BACKGROUND

**I.   Criminal Proceedings**

On April 4, 2024, Mr. Mulder pleaded guilty to four counts of wire fraud under 18 U.S.C.

1 – Opinion and Order

§ 1343 and three counts of mail fraud under 18 U.S.C. § 1341. Mr. Mulder admitted to soliciting and accepting orders worth over $880,000.00 for brewing equipment for which WeCan Brewing Systems, the company Mr. Mulder co-founded, was unable to pay. *See* Presentence Investigation Report ("PSR") ¶¶ 16-44, 49, ECF No. 59. Mr. Mulder has no prior criminal history and, at sentencing, received Sentencing Guidelines adjustments for "Zero Point Offender" status and for acceptance of responsibility. *Id*. ¶¶ 59-61. Mr. Mulder was sentenced on November 5, 2024, to 21 months imprisonment and restitution of $887,116.00. Crim. Judgment, ECF No. 72. On March 24, 2025, the Court granted Mr. Mulder's motion to continue his self-surrender date. Mr. Mulder filed this Motion on May 7, 2025.

## II.    Mr. Mulder's Circumstances

Mr. Mulder has been married to his wife, Shanda Johnson, for over 20 years and together they have two children. Mulder Decl., ECF No. 80-1, ¶¶ 2, 11–13. In August of 2024, Ms. Johnson was diagnosed with endometrial cancer. *Id*. ¶ 2. On September 16, 2024, Ms. Johnson underwent an emergency hysterectomy. *Id*. ¶ 3. She experienced complications from the surgery and spent 16 days in the hospital, during which time her doctors also discovered that the cancer had spread to her lymph nodes and that she had scar tissue attached to her bladder and rectum. Johnson Decl., ECF No. 80-2, ¶¶ 4–6. Ms. Johnson's diagnosis changed to Stage 3C uterine cancer. Further examination after her surgery revealed she had a second cancer, Chronic Lymphatic Leukemia. *Id*. ¶ 5.

Since September 2024, Ms. Johnson has been on medical leave and receives less than 50% of her previous wages. Johnson Decl. ¶ 9. Following her surgery and second cancer diagnosis, Ms. Johnson underwent chemotherapy from November 2024 through September 2025. *Id*. ¶ 7. Treatment for her Chronic Lymphatic Leukemia will follow for an unspecified duration. *Id*. ¶ 12.

As of the filing of the Motion, Ms. Johnson was receiving radiation five days per week. *Id.* ¶ 8. Her treatment schedule can vary from week to week and can change unexpectedly. Mulder Decl. ¶ 9. Ms. Johnson's treatment continues to this day. *See* Status Report 2–4, ECF No. 86. She states that the radiation treatment and medication she must take for her chemotherapy have interfered with her ability to live a normal life and care for her family as she otherwise would. Johnson Decl. ¶¶ 10–11. As a result, she has had to rely on Mr. Mulder to drive their son to school, to take her to her medical appointments, to do household chores, to care for their dog, to work to compensate for her loss of wages, to generally provide for both their children, and to serve as their 16-year-old son Matthew's primary caregiver. *Id.* ¶¶ 11, 13; Mulder Decl. ¶ 14. The family has no other relatives in Oregon. Def.'s Mot. 8. Mr. Mulder is especially concerned for the mental health of his son during Ms. Johnson's medical emergencies. Mulder Decl. ¶¶ 13–14.

Mr. Mulder has been out of custody since February 26, 2020, when he was released on his own recognizance. PSR ¶ 14. As of the date of the Motion, he was working as an executive chef at a brewery in Bend, Oregon. Mulder Decl. ¶ 10. He states that this job provides 80% of the family's income. *Id.* ¶ 14. Mr. Mulder has a perfect supervision record and has never violated the conditions of his pretrial release. PSR ¶ 15.

## **LEGAL STANDARD**

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c)(1)(A). However, a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)—otherwise known as compassionate release—acts as an exception to this rule, allowing a court to reduce a defendant's term of imprisonment under certain conditions. *United States v. Keller*, 2 F.4th 1278, 1281 (9th Cir. 2021) (citing § 3582(c)(1)).

For a defendant to directly petition a district court for compassionate release, they must

first exhaust all administrative remedies available through the Bureau of Prisons ("BOP") or they must wait 30 days from when the facility's warden received their request for release. 18 U.S.C. § 3582(c)(1)(A). When this exhaustion requirement is met, the district court may grant a defendant's motion for compassionate release if it finds that (1) "extraordinary and compelling reasons" justify the sentence reduction; (2) a reduction would be consistent with applicable U.S. Sentencing Commission policy statements; and (3) the factors set forth in 18 U.S.C. § 3553(a) warrant the reduction. *United States v. Wright*, 46 F.4th 938, 945 (9th Cir. 2022) (quoting § 3582(c)(1)(A)). The defendant has the burden of establishing each requirement. 18 U.S.C. § 3582(c)(1)(A); *United States v. Sprague*, 135 F.3d 1301, 1306–07 (9th Cir. 1998). If the defendant fails to satisfy any of the requirements, the court may deny the defendant's request without assessing the remaining requirements. *Keller*, 2 F.4th at 1284.

## DISCUSSION

Mr. Mulder asks the Court to reduce his sentence to time served with a period of supervision, potentially including a payment plan for restitution and a period of home confinement. Def.'s Mot. 2. In the alternative, Mr. Mulder requests that his self-surrender date be postponed for one year, at which time he states the Court can reassess Ms. Johnson's medical condition and the needs of his family. *Id.* at 19.

In its response, the Government does not dispute that Mr. Mulder has exhausted all administrative remedies and that his circumstances amount to extraordinary and compelling reasons warranting a reduction in sentence. Gov't's Resp. at 2. But the Government opposes the Motion on the basis that granting Mr. Mulder the relief he seeks would not satisfy the goals of sentencing. *Id.* at 3. The Government instead recommends that this Court delays Mr. Mulder's self-surrender date an additional nine months—if the Court is to modify his sentence at all. *Id.* at 3–4.

In his Reply, Mr. Mulder argues the Government's alternative proposal undermines its argument against modifying his sentence by potentially delaying restitution. Def.'s Reply at 2–3.

For the following reasons, the Court finds Mr. Mulder has met his burden and is entitled to compassionate release.

I. **Administrative Exhaustion**

The exhaustion requirement of 18 U.S.C. § 3582(c)(1)(A) is not jurisdictional and can be waived by the Court. *Keller*, 2 F.4th at 1282. Because the Court previously waived the 30-day period for the Bureau of Prisons to respond to Mr. Mulder's request to modify his sentence, and the Government does not contest the ripeness of the Motion in its Response, the Motion is properly before the Court. *See id.*; Order, ECF No. 78.

II. **Extraordinary and Compelling Reasons**

U.S. Sentencing Commission policy statement U.S.S.G. § 1B1.13 provides criteria for what constitutes an "extraordinary and compelling reason." This Court applies the version of § 1B1.13 amended on November 1, 2023. *See* U.S.S.G. § 1B1.13 ("Upon motion of the Director of the Bureau of Prisons *or the defendant* pursuant to 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment[.]") (emphasis added); *see also* U.S. Sentencing Commission, Amendments to the Sentencing Guidelines, at 7 (effective Nov. 1, 2023), https://www.ussc.gov/sites/default/files/pdf/amendment-process/official-text amendments/202305_Amendments.pdf (explaining that "the amendment extends the applicability of the policy statement to defendant-filed motions").

In the amended policy statement, the Sentencing Commission expands the list of circumstances under which extraordinary and compelling reasons may exist. These enumerated reasons include considerations of the defendant's medical circumstances, family circumstances,

5 – Opinion and Order

and any other circumstances of equal gravity. Here, Mr. Mulder argues, and the Government does not contest, that Mr. Mulder's family circumstances provide an extraordinary and compelling reason for a sentence modification. Def.'s Mot. 12–17; Gov't's Resp. at 2. The Court agrees.

The Sentencing Guidelines identify the "incapacitation of the caregiver of the defendant's minor child" as a basis for extraordinary and compelling circumstances warranting a sentence reduction. U.S.S.G. § 1B1.13(b)(3)(A). The "incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver" can also constitute extraordinary and compelling circumstances. U.S.S.G. § 1B1.13(b)(3)(B). BOP's guidelines for implementing 18 U.S.C. § 3582, although not binding on this Court, provide useful guidance for when a caregiver has been "incapacitated" for the purposes of their caregiving role. *See* BOP Program Statement 5050.50(5)–(6). Under BOP policy, "incapacitation" means that the family member or spouse serving as caregiver "suffered a severe injury (e.g., auto accident) or suffers from a severe illness (e.g., *cancer*) that renders the caregiver incapable of caring for the child." *See id.* (emphasis added). Mr. Mulder's circumstances regarding the care of his children during Ms. Johnson's treatment fall squarely within those contemplated by the Sentencing Commission as constituting extraordinary and compelling circumstances to justify sentence reduction. Moreover, Mr. Mulder has adequately demonstrated his circumstances meet the Sentencing Commission's guidelines, meaning his request is also consistent with the applicable Sentencing Commission policy statements. *Wright*, 46 F.4th at 945.

### III.  Sentencing Factors

Even where extraordinary and compelling reasons exist, the Court must consider whether Mr. Mulder's requested sentence modification is consistent with the sentencing factors defined in 18 U.S.C. § 3553(a). Under those factors, the Court evaluates the nature and circumstances of the

offense, the history and characteristics of the defendant, and the need for the sentence imposed "(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes by the defendant; and (D) to provide the defendant with needed educational and vocational training, medical care, and other correctional treatment in the most effective manner." § 3553(a)(2). This weighing is subject to the Court's discretion. *See United States v. Wilson*, 8 F.4th 970, 978 (9th Cir. 2021).

The Court is sympathetic to Mr. Mulder's situation, as is the Government. Mr. Mulder recognizes he committed a serious crime causing serious harm. Def.'s Mot. 19. He argues that he poses no danger to the community, pointing to a perfect supervision record, no violations of the terms of his pretrial release, no criminal history, and that he has been working regularly to support this family in a difficult time. *See id.* at 18–19; Def.'s Reply 2. He states he is committed to providing financially for his family and paying restitution owed to the victims. And that the modified sentence he seeks would allow him to "continue to make amends in the community." Def.'s Mot. 19.

The Government argues that reducing Mr. Mulder's sentence to effectively a sentence of probation in this case is not appropriate given the nature and circumstances of the offense. Gov't's Resp. 3. It emphasizes the impact of Mr. Mulder's conduct, to which he admitted in his guilty plea. The Government refers to victim impact statements from small business owners who dealt with Mr. Mulder who were forced to close their businesses or go to extremes to stay open, such as by liquidating retirement accounts or borrowing to cover expenses when Mr. Mulder defrauded them. *Id.* Mr. Mulder's fraud resulted in losses exceeding $880,000.000. *Id.* The Government further argues that given the scale and impact of Mr. Mulder's offense, a sentence of probation undermines

7 – Opinion and Order

deterrence. *Id*. The Government also notes that this case face delays caused in part by Mr. Mulder's unavailability prior to his trial date and multiple continuances Mr. Mulder sought to his plea and sentencing dates. *Id*. at 3–4.

In Mr. Mulder's circumstances, the existing prison term would not serve the purposes of sentencing as expressed in § 3553(a) at this time. Instead, the Court finds a sentence of probation with an immediate start to Mr. Mulder's restitution payments, as originally contemplated in the Criminal Judgment following release from custody, adequately reflects the seriousness of the offense, promotes respect for law, provides just punishment for the offense, affords adequate deterrence to criminal conduct, and protects the public from further crimes by the defendant. *See* § 3553(a)(2); Crim. Judgment 7.

## **CONCLUSION**

For the reasons stated above, Mr. Mulder's Motion to Reduce Sentence (ECF No. 80) is GRANTED. The Criminal Judgement (ECF No. 72) shall reflect that Mr. Mulder's sentence is converted to probation and that Mr. Mulder is responsible for monthly payments of not less than $500.00, or not less than 10% of his monthly gross earnings, whichever is greater, until restitution is paid in full.

IT IS SO ORDERED.

DATED this 8th day of October, 2025.

                                             _____s/Michael J. McShane_____
                                                          Michael J. McShane
                                                    United States District Judge